## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE E. TAYLOR, as an Individual and Derivatively, on behalf of Jane E. Taylor GST Exempt Trust and Jane E. Taylor Non-Exempt Trust,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES M. MOSKOW,<br>JMB GROUP, LLC, and<br>BLACK OAK REALTY, LLC,<br><br>    Defendants. | Civil Action No.<br>13-12675-FDS |

## MEMORANDUM AND ORDER
## ON DEFENDANTS' MOTIONS TO DISMISS

**SAYLOR, J.**

This is an action brought by a trustee and beneficiary of various trusts against persons

and entities that rent and manage real property owned by LLCs of which the trusts are members.

It is the second such lawsuit filed by plaintiff in this Court, asserting similar claims against the

same parties; the first was dismissed in October 2013 for failure to state a claim.

Plaintiff Jane Taylor asserts claims for fraud, misrepresentation, and unjust enrichment

against defendants James Moskow, JMB Group, LLC, and Black Oak Realty, LLC, and for

breach of fiduciary duty against defendant Moskow. Jurisdiction is based on diversity of

citizenship.

James Moskow is the manager of Coolidge Properties, LLC, and Stearnwood Properties,

LLC, each of which owns various properties, and a trustee of trusts that are members of those

LLCs.  The complaint alleges that James Moskow, JMB Group, and Black Oak Realty engaged in self-dealing by overcharging Coolidge Properties and Stearnwood Properties for the services of JMB Group and Black Oak Realty and failed to disclose those overcharges, to the detriment of Jane Taylor, who is a trustee and beneficiary of the trusts.

Defendants have moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted on the ground that the dismissal of the first action has a preclusive effect on this action.  For the reasons set forth below, the motions will be granted.

## I.      Background

Unless otherwise noted, the facts are stated as alleged in the complaint.

Jane Taylor is a citizen of Florida.  She is a trustee and beneficiary of the Jane E. Taylor GST Exempt Trust and the Jane E. Taylor Non-Exempt Trust ("the Trusts").  Those trusts are members of Coolidge Properties, LLC and Stearnwood Properties, LLC, and Taylor likewise is a member of Stearnwood Properties.  Coolidge and Stearnwood hold various properties in Brookline, Massachusetts.

James Moskow is a citizen of California and Taylor's brother.  He is a manager of Coolidge Properties and Stearnwood Properties.  He is also a manager of Black Oak Realty, LLC, which rented out the apartments owned by Coolidge and Stearnwood, and of JMB Group, LLC, which managed those apartments.[1]  Moskow also is trustee of the Trusts.

---

[1] Plaintiff does not provide information about the citizenship of Black Oak Realty or JMB Group, instead disclosing that their principal places of business and addresses are in Massachusetts.  However, disclosures by the parties in prior litigation indicated that Black Oak Realty and JMB Group are owned by James Moskow and his wife, Linda, who are citizens of California.  Presumably, then, Black Oak Realty and JMB Group are California citizens as well.

According to the complaint, Moskow, as manager of Black Oak Realty and JMB Group submitted inflated billing and management invoices to Coolidge and Stearnwood.  This constituted a scheme to funnel funds out of Coolidge and Stearnwood, to the detriment of those LLCs and their members.  Furthermore, he failed to disclose his financial self-dealing and gave misleading information to plaintiff and members of the Coolidge and Stearnwood.  Taylor did not make a demand on Moskow prior to suit.  She asserts that such a demand would be futile, as Moskow is "the only surviving trustee and beneficiary of the trusts-members" of Coolidge and Stearnwood, and she and Moskow have been "in a contentious relationship" due to the facts giving rise to the complaint.  (Compl. ¶¶ 43-44).

### C.      Procedural Background

On February 14, 2013, plaintiff filed suit in Norfolk Superior Court.  The complaint asserted claims for fraud, misrepresentation, conversion, unjust enrichment, negligent infliction of emotional distress, and breach of fiduciary duty against defendants.  Defendants removed the action to federal court on the basis of diversity of citizenship and then moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6).  This Court granted that motion, finding that plaintiff lacked standing to sue individually for injuries to the trusts and that her claim for negligent infliction of emotional distress lacked sufficient detail.  *See Taylor v. Moskow*, 2013 WL 5508157 (D. Mass. Oct. 1, 2013).

On October 23, 2013, plaintiff filed another action in this Court, asserting similar claims for fraud, misrepresentation, unjust enrichment, and breach of fiduciary duty, but now on behalf of herself and derivatively on behalf of the trusts.  Defendants have moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6).

## II.      Legal Standard

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and

give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness*

*Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (*citing Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.

1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its

face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must

be enough to raise a right to relief above the speculative level, . . . on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (*quoting Twombly*, 550 U.S. at 556).  Dismissal is appropriate if plaintiff's well-pleaded

facts do not "possess enough heft to show that plaintiff is entitled to relief."  *Ruiz Rivera v.*

*Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

## III.     Analysis

Defendants contend that this Court's prior decision in *Taylor*, 2013 WL 5508157 (D.

Mass. Oct. 1, 2013), bars plaintiff's present suit under the doctrine of claim preclusion.

"Once there has been an adjudication on the merits, federal law stipulates that all claims

which are 'part of the same cause of action' are extinguished, whether or not actually asserted in

the original action."  *Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1164-65 (1st Cir. 1991).

Three conditions must be met for the preclusive effect to apply:  "(1) a final judgment on the

merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the

earlier and later suits, and (3) sufficient identicality between the parties in the two suits."  *In re*

*Iannochino*, 242 F.3d 36, 43 (1st Cir. 2001) (*quoting Mass. Sch. of Law, Inc. v. American Bar*

*Ass'n*, 142 F.3d 26, 37 (1st Cir. 1998)).

First, "dismissal for failure to state a claim is a judgment on the merits." *Andrews-Clarke*

*v. Lucent Technologies, Inc.*, 157 F. Supp. 2d 93, 99-100 (D. Mass. 2001) (*quoting* 2 James Wm.

Moore, Moore's Federal Practice, § 12.34[6][a] (3d ed.1997)); *see AVX Corp. v. Cabot Corp.*,

424 F.3d 28, 30 (1st Cir. 2005).  Only if the decision expressly grants plaintiff the right to bring

a second action will the preclusive effect not apply.  *Id.* at 100.  The dismissal of plaintiff's prior

suit under Fed. R. Civ. P. 12(b)(6) therefore satisfies the first element for claim preclusion.

Second, to determine whether the causes of action are sufficiently identical, federal

courts apply a transactional approach.  *See Iannochino*, 242 F.3d at 46.  That is, a claim that

"grows out of the same transaction or set of related transactions as the previously decided claim"

is treated as preclusive, even if there are slight changes to the claims or newly asserted legal

theories.  *AVX Corp.*, 424 F.3d at 31; *see Andrews-Clarke*, 157 F. Supp. 2d at 102.  Here, the

complaint alleges four causes of action, each of which plaintiff previously asserted in her prior

suit.  And it arises out of the same events and alleges substantially the same facts as those

claimed in the prior suit.  The only major difference is that the complaint now pleads the claims

derivatively, which the earlier complaint failed to do.  But plaintiff seeks redress for "essentially

the same basic wrong" in both suits.  *Kale*, 924 F.2d at 1166.  Accordingly, the second element is

met.

Third, the parties to the two actions are the identical, both plaintiff and defendants.  The

third and final element for claim preclusion is therefore plainly met.

Although the Court does not have the benefit of full development of the facts and has

heard only plaintiff's version of the case, it is certainly possible that plaintiff has been ill-treated by defendants.  Dismissal of the prior action for improper pleading and of the present action because of that action may therefore appear inequitable.  However, "the doctrine of *res judicata* is no 'mere matter of practice or procedure,' but 'a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts.'"  *Kale*, 924 F.2d at 1168 (*quoting Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981)).  "[I]f courts relaxed the principles of claim preclusion every time it appeared that a litigant had a strong claim 'on the equities,' the doctrine would fail to serve its purposes of promoting judicial economy and repose."  *Rose v. Town of Harwich*, 778 F.2d 77, 82 (1st Cir. 1985) (dismissing claim even though plaintiff argued that his claim was meritorious).  Plaintiff has not demonstrated "clearly and convincingly" that "policies favoring preclusion of a second action are overcome for an extraordinary reason."  *Id.* (*quoting* Restatement (Second) of Judgments § 26(1)(f)).

In any event, if the outcome here appears harsh, it should be noted that plaintiff had the opportunity to amend her complaint in the first action after defendants filed a motion to dismiss that pointed out its defects.  Fed. R. Civ. P. 15(a)(1)(B).  Such an amendment, if made within 21 days of defendants' filing, would have been granted as a matter of course.  *Id.*  Plaintiff, however, failed to make such an amendment.

Accordingly, the prior judgment has a preclusive effect on the current action and the motions to dismiss will be granted.

**IV.**     <u>**Conclusion**</u>

For the foregoing reasons, the defendants' motions to dismiss are GRANTED.

**So Ordered.**


                                            /s/ F. Dennis Saylor
                                            F. Dennis Saylor IV
                                            United States District Judge


Dated: March 7, 2014