UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JANE E. TAYLOR, as an Individual and Derivatively, on behalf of Jane E. Taylor GST Exempt Trust and Jane E. Taylor Non-Exempt Trust, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 13-12675-FDS |
| JAMES M. MOSKOW, JMB GROUP, LLC, and BLACK OAK REALTY, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

# MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO VACATE

SAYLOR, J.

This is an action brought by a trustee and beneficiary of various trusts against persons and entities that rent and manage real property owned by LLCs of which the trusts are members. Plaintiff Jane E. Taylor filed an earlier suit that asserted similar claims against the same parties, which this Court dismissed for failure to state a claim. On the motions of defendants James M. Moskow, JMB Group, LLC, and Black Oak Realty, LLC, the Court then dismissed this second action under the doctrine of claim preclusion.

Plaintiff has moved to vacate the second dismissal under Fed. R. Civ. P. 59(e) and 60(b)(6), contending that the prior action was not dismissed on the merits and therefore should not have been granted a preclusive effect. For the reasons set forth below, the motion will be granted in part, albeit on different grounds than those plaintiff asserts. However, after reconsidering the complaint and motions to dismiss on the merits, the Court finds that the

complaint fails to state a claim and will be dismissed.

I. Background

A. Factual Background

The following facts are presented as stated in the complaint.

Jane Taylor is a citizen of Florida. She is a trustee and beneficiary of the Jane E. Taylor GST Exempt Trust and the Jane E. Taylor Non-Exempt Trust ("the Trusts"). Those trusts are members of Coolidge Properties, LLC and Stearnwood Properties, LLC. Taylor likewise is a member of Stearnwood Properties. Coolidge and Stearnwood hold various properties in Brookline, Massachusetts.

James Moskow is a citizen of California and Taylor's brother. He is a manager of Coolidge Properties and Stearnwood Properties. He is also a manager of Black Oak Realty, LLC, which rented out the apartments owned by Coolidge and Stearnwood, and of JMB Group, LLC, which managed those apartments. Moskow also is trustee of the Trusts.

According to the complaint, Moskow, as manager of Black Oak Realty and JMB Group, submitted inflated billing and management invoices to Coolidge and Stearnwood. This constituted a scheme to funnel funds out of Coolidge and Stearnwood, to the detriment of those LLCs and of Taylor, as member of Stearnwood. Furthermore, he failed to disclose his financial self-dealing and gave misleading information to plaintiff and the other members of Coolidge and Stearnwood, including the Trusts.

Taylor did not make a demand under Fed. R. Civ. P. 23.1 on Moskow prior to filing suit. She asserts that to do so would be futile, as Moskow is "the only surviving trustee and beneficiary of the trusts-members" of Coolidge and Stearnwood, and she and Moskow have been

2

"in a contentious relationship" due to the facts giving rise to this action. (Compl. ¶¶ 43-44).

### B. Procedural Background

On February 14, 2013, plaintiff filed suit in Norfolk Superior Court. The complaint asserted claims for fraud, misrepresentation, conversion, unjust enrichment, negligent infliction of emotional distress, and breach of fiduciary duty against defendants. All claims were asserted individually, in her own name. Defendants removed the action to federal court on the basis of diversity of citizenship and then moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6). This Court granted that motion, finding that plaintiff lacked standing to sue individually for injuries to Coolidge and Stearnwood and that her claim for negligent infliction of emotional distress lacked sufficient detail. *See Taylor v. Moskow*, 2013 WL 5508157 (D. Mass. Oct. 1, 2013).

On October 23, 2013, plaintiff filed a new action in this Court, asserting similar claims for fraud, misrepresentation, unjust enrichment, and breach of fiduciary duty, but now on behalf of herself as a member of Stearnwood and derivatively on behalf of the Trusts. Defendants moved to dismiss the new action pursuant to Fed. R. Civ. P. 12(b)(6). On March 7, 2014, the Court granted the motions to dismiss after finding that its judgment in the first action had a preclusive effect on the second. *See Taylor v. Moskow*, 2014 WL 931957 (D. Mass. Mar. 7, 2014). On March 25, 2015, plaintiff moved to set aside the judgment under Fed. R. Civ. P. 59(e) and 60(b)(6).

## II. Legal Standard

The Court has "substantial discretion and broad authority" to grant a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d

76, 81-82 (1st Cir. 2008). However, a motion for reconsideration will be granted only upon a showing of (1) a "manifest error of law," (2) new evidence, or (3) a misunderstanding or other error "not of reasoning but apprehension." *Id.* A Rule 59(e) motion should not be used to "advance a new argument that could (and should) have been presented prior to the district court's original ruling." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). Nor is a Rule 59(e) motion an appropriate means to "repeat old arguments previously considered and rejected." *Nat'l Metal Finishing Co., Inc. v. Barclays American/Commercial, Inc.*, 899 F.2d 119, 123 (1 st Cir. 1990).

Fed. R. Civ. P. 60(b) provides a mechanism for setting aside a judgment in certain circumstances. The rule provides, in relevant part, that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Although other circuit courts have adopted a liberal approach to granting Rule 60(b) motions, the First Circuit has taken a "harsher tack." *Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe*, 257 F.3d 58, 64 (1st Cir. 2001). "Because Rule 60(b) is a vehicle for extraordinary relief, motions invoking the rule should be granted only under exceptional circumstances." *Id.* (*quoting Torre v. Continental Ins. Co.*, 15 F.3d 12, 14-15 (1st Cir. 1994) (internal quotation marks omitted)). "The rule must be applied so as to recognize the desirability of deciding disputes on their merits, while also considering the importance of finality as applied to court judgments." *Davila-Alvarez*, 257 F.3d at 64 (internal citations and quotation marks omitted).

### III. Analysis

#### A. Motion to Vacate

Plaintiff asserts a single ground for vacating the prior order under Fed. R. Civ. P. 59(e) and 60(b)(6): that the Court improperly applied the doctrine of claim preclusion to bar the action. Defendants argued in their motions to dismiss that claim preclusion militated dismissal. Notably, plaintiff failed to address or *even acknowledge* that argument in her memoranda in opposition. As noted, the standard for reconsideration is high, and a motion under Fed. R. Civ. P. 59(e) should not be used to make arguments that could and should have been raised earlier. It therefore would not be inappropriate to find that plaintiff has waived her argument that claim preclusion does not apply. However, as a matter of discretion and in the interest of justice, the Court has reconsidered its dismissal of the complaint and found that it made an error of law that warrants relief.

The doctrine of claim preclusion provides that "[o]nce there has been an adjudication on the merits . . . all claims [that] are 'part of the same cause of action' are extinguished, whether or not actually asserted in the original action." *Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1164-65 (1st Cir. 1991). Three conditions must be met for the preclusive effect to apply: "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *In re Iannochino*, 242 F.3d 36, 43 (1st Cir. 2001) (*quoting Mass. Sch. of Law, Inc. v. American Bar Ass'n*, 142 F.3d 26, 37 (1st Cir. 1998)).

Plaintiff contends that first action was not a judgment on the merits because the Court dismissed it for lack of standing. Fed. R. Civ. P. 41(b) provides that an involuntary dismissal for

"lack of jurisdiction" is not an "adjudication on the merits."  Plaintiff argues that all issues of standing implicate a court's jurisdiction.  *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]here a plaintiff was precluded from recovering damages in the initial action by formal jurisdictional or statutory barriers, not by plaintiff's choice, a subsequent action for damages will not normally be barred by res judicata even where it arises from the same factual circumstances as the initial action."); *see also Fieldturf, Inc. v. Sw. Recreational Indus., Inc.*, 357 F.3d 1266, 1269-70 (Fed. Cir. 2004) ("Ordinarily, dismissal for lack of standing is without prejudice."). Defendants, in turn, draw a distinction between a dismissal based on constitutional standing and one based on prudential standing.  They contend that the latter, unlike the former, is a decision on the merits, and that plaintiff in the first action lacked prudential, not constitutional, standing because she attempted to assert the injury of a third party.  *See Nisselson v. Lernout*, 469 F.3d 143, 150-51 (1st Cir. 2006) (describing Article III standing as jurisdictional and distinguishing it from prudential standing); *Katz v. Pershing, LLC*, 806 F. Supp. 2d 452, 456 (D. Mass. 2011) *aff'd*, 672 F.3d 64 (1st Cir. 2012) ("Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6).") (*quoting Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011)); *see also Gianfrancesco v. Town of Wrentham*, 712 F.3d 634, 637 (1st Cir. 2013) ("The shareholder-standing rule is a species of prudential limitation, not a component of the core constitutional standing requirement.").

In any event, there is no need to wade into that thorny question as to plaintiff's derivative claims, because a clearer ground for relief is available:  that parties in the two actions are not the same.  Neither plaintiff nor defendants raised the issue of identicality of parties in the present

motions, and the Court's prior memorandum and order addressed the question in a mere two sentences. However, plaintiff suing solely in her individual capacity in the first action is not the same person as, nor in privity with, plaintiff suing in her capacity as trustee in the second action. *See McCarthy v. William H. Wood Lumber Co.*, 219 Mass. 566, 568-70 (1914). A party "appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity." *Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg.*, 448 F. Supp. 2d 244, 268 (D. Mass. 2006) *aff'd*, 510 F.3d 77 (1st Cir. 2007) (*quoting* Restatement (Second) of Judgments § 36(2) (1982)).

On the other hand, to the extent that plaintiff reasserts claims on her own behalf, those claims are subject to claim preclusion. *See Kale*, 924 F.2d at 1164-65. The new complaint's individual claims for fraud, misrepresentation, unjust enrichment, and breach of fiduciary duty are, in all material respects, identical to those in the prior complaint. What is more, in the first action, the Court dismissed on the merits her claim for negligent infliction of emotional distress, which arose out of the same transactions as her present claims. There, as here, plaintiff purportedly acted in her individual capacity to sue Moskow as manager of Stearnwood and Coolidge. *See Taylor v. Moskow*, 2013 WL 5508157, at *4 (D. Mass. Oct. 1, 2013). The principle of claim preclusion clearly applies where a plaintiff seeks to bring the same claims for the same harms against the same defendants. The individual claims were, and are, properly subject to dismissal on that basis.[1]

---

[1] In any event, for the reasons discussed below, the individual claims would also fail on the merits.

7

In sum, by dismissing the derivative claims—for which one of the three requirements of claim preclusion was not satisfied—this Court committed an error of law. Accordingly, the motion to vacate will be granted as to those claims and denied as to the individual claims.

B.  **Motions to Dismiss**

Having granted the motion to vacate, the Court now considers the motions to dismiss on the remaining grounds that defendants asserted.

1.  **Injury (All Counts)**

For each of the claims in the complaint—that is, fraud, misrepresentation, breach of fiduciary duty, and unjust enrichment—injury is a necessary element. Except in limited circumstances, only the person who suffered an injury has standing to sue. As relevant here, "a member of an LLC cannot bring an action in his own name to enforce the rights or redress the injuries of the LLC." *Laverty v. Massad*, 661 F. Supp. 2d 55, 62 (D. Mass. 2009); *see First Taunton Fin. Corp. v. Arlington Land Acquisition-99, LLC*, 20 Mass. L. Rep. 556 (Mass. Super. Ct. 2006).

However, that is effectively what plaintiff did here. The direct injury complained of in the complaint is to the LLCs. They are the entities to which defendants submitted allegedly inflated billing statements. Yet, plaintiff sued in her own name as a member of Stearnwood, and derivatively in the names of the trusts, which are members of Stearnwood and Coolidge; she did not sue derivatively on behalf of Stearnwood and Coolidge.

There is a plausible claim that defendants harmed the LLCs. But the proper entities to complain are the LLCs that directly suffered harm, not its member-owners, who only indirectly suffered harm. Certain officers are empowered to act on an LLC's behalf to sue for an injury to

8

the LLC. Under certain circumstances, a member of an LLC, or even a trustee or beneficiary of a trust that is a member of an LLC, can sue derivatively on behalf of the LLC. *Cf. Demoulas v. Demoulas Super Markets, Inc.*, 424 Mass. 501 (1997). But plaintiff here does not purport to act derivately on behalf of the LLCs; rather, she has sued for injuries suffered by its members based (apparently) on the harm to their ownership interests. That she cannot do. Accordingly, the motion to dismiss will be granted.

## 2. Fraud and Misrepresentation (Counts 1 and 2)

As an alternative ground for dismissal, counts 1 and 2 of the complaint fail to meet the requirements of Fed. R. Civ. P. 9(b).

Plaintiff, on behalf of the Trusts, alleges that defendants "acted in an effort to commit fraud" against Coolidge and Stearnwood by "financial self-dealing," submission of "inflated billing statements," and receipt of "inflated management fees." (Compl. ¶¶ 47-49). Allegedly, defendants also made material and intentional misrepresentations by receiving "inflated commissions and inflated management fees" and submitting "inflated billing invoices" on which plaintiff relied. (Compl. ¶¶ 53-57).

Ordinarily, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, under Fed. R. Civ. P. 9(b), a plaintiff must "state with particularity the circumstances constituting fraud." Under that heightened pleading requirement, a complaint must state the time, place, and content of the alleged false or fraudulent representations to state a claim for fraud. *Epstein v. C.R. Bard, Inc.*, 460 F.3d 183, 190-91 (1st Cir. 2006).

The complaint here does not include the time or place of defendants' alleged fraudulent

9

acts and misrepresentations. The allegations also are vague as to which of the defendants made the purportedly misleading statements and what the content of those statements were. Accordingly, the complaint fails to satisfy the Rule 9(b) standard, and counts 1 and 2 will also be dismissed on that basis.

## 2. Breach of Fiduciary Duty and Unjust Enrichment (Counts 3 and 4)

Finally, the complaint alleges that defendant Moskow, as "trustee and manager" of Stearnwood and Coolidge, owed a fiduciary duty to the members of those LLCs, and that he breached that duty by acts of self-dealing. (Compl. ¶¶ 61-64).[2] It also asserts a claim that defendants were unjustly enriched by the improper receipt of inflated costs and fees. (Compl. ¶¶ 68-70). For both claims, the complaint alleges that Coolidge, Stearnwood, and plaintiff directly suffered damages; it does not allege any harm to the Trusts. (Compl. ¶¶ 65-66, 71-72).

A claim for breach of fiduciary duty consists of four elements: (1) existence of a fiduciary duty; (2) breach of that duty; (3) damages; and (4) a causal relationship between the breach and the damages. *Hanover Ins. Co. v. Sutton*, 46 Mass. App. Ct. 153, 164 (1999). A claim for unjust enrichment consists of three elements: "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under the circumstances would be inequitable without payment for its value." *Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 552 F.3d 47, 57 (1st Cir. 2009) (*citing* Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts, § 68:5 (4th ed. 2003)). Both claims require that the

---

[2] While there is no position of "trustee" of an LLC, there is a position of manager. The manager of an LLC owes a fiduciary duty to the LLC itself and its members. *See Pointer v. Castellani*, 455 Mass. 537, 552 (2009).

plaintiff have suffered some damage or detriment.

As previously explained, the complaint alleges harm to the LLCs themselves and to plaintiff as an individual, but does not allege harm to the Trusts on whose behalf plaintiff purportedly is suing. Given that the harm to the Trusts as alleged is only indirect, and that Taylor did not assert claims derivatively on behalf of the LLCs, an essential element of the claims is lacking.

Accordingly, claims 3 and 4 will also be dismissed on that basis.

## IV. Conclusion

For the foregoing reasons, the motion to vacate is GRANTED in part and DENIED in part, and on reconsideration, defendants' motions to dismiss are GRANTED.

**So Ordered.**

                                                /s/ F. Dennis Saylor
                                                F. Dennis Saylor IV
Dated: June 6, 2014                           United States District Judge